## CHASE v. SNOW.

### Sale. Change of Possession.

Plaintiff owned a house, barn, and premises that A., his son and agent, leased to H., reserving two rooms in the house, and the privilege of using the barn in common with H., who took possession under the lease, and plaintiff permitted A. to use the barn and sleep in one of the rooms, and plaintiff stored his things in one, and lodged therein when in town, but was absent a good deal, and when absent, A. had charge of his room. A. was a merchant, and bargained lumber that he took on store bills, to plaintiff at cost, for cash, to be delivered on said premises, which he delivered accordingly, and informed plaintiff thereof, and of the quantity and cost thereof, whereupon plaintiff examined and accepted the same, and paid A. therefor. H. knew of the agreement between plaintiff and A., but it did not appear that plaintiff notified him that he had paid for the lumber, nor that H. was requested to keep the lumber for plaintiff. Afterwards, while the lumber remained there, it was attached as A's property. *Held*, that the title and possession thereof had passed to plaintiff, and that it could not be taken on A's debts.

TROVER for a quantity of lumber. Plea, the general issue, and notice of justification under process against Abram F. Chase. Trial by jury, September Term, 1875, Ross, J., presiding.

Plaintiff's evidence tended to show that he was owner of certain land in Whitingham upon which was a dwelling-house and barn ; that some time prior to the taking of said lumber by defendant, said Abram, as the agent of plaintiff, leased said premises by parol to one Hix, reserving two rooms and a privilege of using the barn in common with Hix ; that plaintiff permitted said Abram to sleep in one of the rooms reserved, and to use the barn, after leasing to Hix ; that Hix took possession of the premises, and had at the time of the attachment been living there nearly two years ; that

one of the rooms reserved was used by plaintiff to store his things in, and to lodge in when he was in Whitingham, he being absent a large portion of the time; that during his absence said Abram had charge of this room; that aside from the reservations mentioned, Hix had the possession of and occupied the entire premises; that in June, 1873, plaintiff purposed to enlarge his barn on said premises, and said Abram, who was a merchant in Whitingham, and son of plaintiff, and for whose convenience the barn was to be enlarged, knowing of plaintiff's purpose, told him he could get the lumber of persons owing him store bills, and would like to; that plaintiff told him if he would deliver the lumber for him on said premises he would pay him cash for it, and what it cost him; that said Abram accepted this offer, and thereafter, in the fall of 1873, caused to be delivered for plaintiff, on the garden occupied by Hix, most of the lumber in question; that at the time said Abram engaged to sell and deliver plaintiff the lumber, there were a few sticks of lumber by the side of the road, and opposite plaintiff's premises, belonging to said Abram, which was part of the lumber designed by said Abram for plaintiff, and which remained in the same position until attached and removed by defendant. Hix had knowledge of the arrangement by which said Abram was to procure and deliver said lumber, and plaintiff was informed by said Abram of the delivery and quantity thereof, and the price he had paid for it. In December, 1873, plaintiff saw and examined but did not measure it, and told said Abram that he would take it, and paid said Abram therefor. The lumber remained in the same condition until March, 1874, when defendant attached and removed it.

Defendant's testimony tended to show that all the dealings of said Hix in regard to said premises were with said Abram prior to the attachment; that said Abram and his clerks in the store used most of said premises not used by said Hix, and that plaintiff had very little actual use thereof.

The evidence did not show that Hix was notified by plaintiff that he had paid for the lumber, nor that any request was made by plaintiff or said Abram to Hix, to keep the lumber for plaintiff, nor was any notice whatever given, nor had Hix any knowl-

edge about the matter, except his knowledge of the arrangement between plaintiff and said Abram as aforesaid.

Plaintiff requested the court to charge the jury, that if they found the contract and the delivery of the lumber as plaintiff's evidence tended to show, and that it was delivered upon the garden of plaintiff in the possession of plaintiff's tenant, Hix, and Hix knew at the time of delivery that it was delivered for plaintiff, and found that plaintiff had paid for it in December, 1873, taking the word of said Abram as to quantity and price, that the lumber was not liable to attachment for the debts of said Abram, and that plaintiff was entitled to recover. The court declined to so charge, but submitted to the jury to find who was the owner of the lumber when delivered on the premises—whether the plaintiff or said Abram—and into whose possession it was delivered. The court told the jury that if they should find that the lumber was in plaintiff's possession at the time he accepted and paid for it, he could hold it ; but if it was in the possession of said Abram when delivered, there must be a visible change of possession, and such as would reasonably notify the officer of such change, in order to enable plaintiff to hold it ; that if when delivered it was in Hix's possession, plaintiff must have notified Hix of his acceptance, payment, or purchase thereof, in order to enable him to hold it. These propositions were properly explained to the jury. To the refusal to charge as requested, and to the charge as given, plaintiff excepted. Verdict for defendant.

*G. W. Davenport* and *C. B. Eddy*, for plaintiff.

*H. V. Hix* and *H. W. Brigham*, for defendant.

The opinion of the court was delivered by

WHEELER, J.   The plaintiff's evidence appears to have tended to show, that Abram F. Chase, the debtor, agreed to deliver this lumber on the premises of the plaintiff in the occupancy of Hix, for the plaintiff, and that the plaintiff agreed to pay him for it what it cost him ; that Hix, who was entitled to the possession of the premises, knew of the arrangement, and the case does not

show that he made any objection to it. As the plaintiff was to pay what it cost, and not by the quantity after it was so delivered, there was no measurement, nor anything to be done about the lumber itself by Abram F. The cost of it was only to be figured up, to ascertain the price. If this evidence was true, and it does not appear to have been contradicted, and if it had been, the plaintiff would have been entitled to have the truth of it tried, when the lumber was so delivered, it was delivered to the plaintiff on his own premises, and thereafter it was out of the control of Abram F., and in the control of the plaintiff, and there was by that act of delivery a full and complete change of possession. If true, the lumber was the plaintiff's in his own possession, and he owed Abram F. for it until he made payment. The plaintiff requested the court to charge the jury, that this would be the effect of such a delivery ; but the court declined to so charge. The court did charge that if the lumber was in the plaintiff's possession when he paid for it, he could hold it, which was so far correct ; but as the jury had not been told that such a delivery on such an agreement would put the lumber into the plaintiff's possession, the plaintiff did not have the benefit of the charge he asked and was entitled to.

Judgment reversed, and cause remanded.